UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. ROBERT SIMMONS, Plaintiff, | : | Civil Action No. |
| v. | : | FILED UNDER SEAL Pursuant to 31 U.S.C. Section 3729 |
| SAMSUNG ELECTRONICS AMERICA, INC. | : | |
| and | : | |
| SUMMIT GOVERNMENT GROUP, LLC, Defendants. | : | |

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

## COMPLAINT

Plaintiff and *qui tam* relator, Robert Simmons, through his attorneys, for his Complaint against Defendants, alleges as follows:

## INTRODUCTION

1. This is an action to recover damages and civil penalties on behalf of the United States arising from the false claims and statements made by Samsung Electronics America, Inc. ("Samsung") and Summit Government Group, LLC ("Summit") (collectively referred to as "the Defendants") to the United States Government, in violation of the Federal False Claims Act ("the FCA"), 31 U.S.C. Section 3729 *et. seq.* as amended.

2. This *qui tam* case is brought against the Defendants for submitting and/or causing the submission of false claims for Samsung computer products sold to the United States government under Summit's General Services Administration ("GSA") Multiple Award Schedule ("MAS") that were not compliant with the Trade Agreements Act ("TAA"). The TAA requires that most goods sold to the United States government come from countries with which the United States has trade agreements, *i.e.* TAA designated countries.

3. Since January, 2005 Samsung and Summit have sold an estimated $105 million worth of Samsung computer equipment and supplies to the United States government through Summit's 2005 GSA MAS Schedule 70 contract, awarded under Contract No. GS-35F-0892R. Of that amount, an estimated $28 million was sold in violation of Samsung's and Summit's obligations under the Trade Agreements Act.

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1331. It also has subject matter jurisdiction pursuant to Sections 3729 and 3720 of Title 31, United States Code.

5. This court has personal jurisdiction over the Defendants pursuant to 31 U.S.C. section 3732(a) because the Defendant, Summit Government Group, has its principal place of

business in this District, and entered into the MAS Contract with GSA in Rockville, Maryland, which is within this judicial district. This court further has personal jurisdiction over Samsung because it transacts business, and has committed acts in violation of 31 U.S.C. Section 3729, in this district.

6. Venue is proper in this district pursuant to 31 U.S.C. Section 3732(a) because Summit has its principal place of business in this district and the contract with GSA was signed and overseen in Rockville, Maryland, which is within this jurisdiction.

**THE PARTIES**

7. Plaintiff-Relator Robert Simmons is a former employee of Samsung, in Lexington, Ky. Mr. Simmons is a resident of Kentucky. Mr. Simmons joined Samsung in June 2007 as a Solutions Architect and served in this position until July 2011, with responsibility for all enterprise business division solutions architecture. Mr. Simmons left Samsung's employ in July, 2011. In his capacity at Samsung, Mr. Simmons gained direct and independent knowledge of the allegations contained in this Complaint. Before filing this Complaint, Mr. Simmons made a disclosure of all material evidence and information in his possession to the Government, as required by 31 U.S.C. Section 3730(b)(2).

8. Samsung is a New York corporation with its principal

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

place of business at 85 Challenger Road, Ridgefield Park, NJ 08660. Samsung is a wholly owned subsidiary of Samsung Electronics Co, LTD, a South Korean company with its headquarters in Samsung Town, Seoul, South Korea. Samsung is a global leader in the manufacture of consumer electronics, including, as relevant here, computer monitors, printers and accessories.

9. Summit has its principal place of business at 15850 Crabbs Branch Way, Rockville, Md. 20855. Summit Government Group LLC is a limited liability corporation organized under the laws of Maryland. Summit holds a GSA MAS Schedule 70 contract to supply information technology, including computer equipment and supplies, to agencies of the federal government. The contact has a 10 year term, and will expire on September 22, 2015. The negotiation and execution of its contract with GSA took place primarily in Rockville, Maryland.

**LEGAL BACKGROUND**

10. The Trade Agreements Act was enacted by Congress on July 26 1976 as part of Public Law 96-39, 93 Stat. 144, codified at 19 U.S.C. Sections 2501 et seq. The TAA governs trade agreements negotiated between the United States and other countries under the Trade Act of 1974. The TAA was passed in order to approve and implement trade agreements negotiated under the Trade Act of 1974, which was enacted to foster the growth and maintenance of an open world trading system; to expand

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

opportunities for the commerce of the United States in international trade; to improve the rules of international trade; and to provide for the enforcement of these rules. The TAA requires that all goods sold to the United States must be manufactured in the United States or a TAA designated country. *See* 19 U.S.C. Section 2512(a)(1)(A)(I).

11. Under the TAA, procurement of goods and services for federal contracts can be restricted to TAA countries, if the program management office involved in the procurement for the government decides to require TAA compliance. Federal Acquisition Regulations ("FAR") subpart 25.4 includes guidance for TAA compliance. In general, a product is TAA compliant if it is made in the United States or a "Designated Country." Designated countries include those with a free trade agreement with the United States, including Canada, Mexico, Australia, Singapore and other countries; countries that participate in the World Trade Organization Government Procurement Agreement, including Japan and many countries in Europe; several "least developed countries," including Afghanistan, Bangladesh, Laos, Ethiopia and others; and Caribbean Basin countries such as Aruba, Costa Rica, Haiti and others. A full list of the Designated Countries Appears in FAR 25.003. The People's Republic of China is not on the list of TAA designated countries.

12. The General Services Administration ("GSA") administers

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

the Federal Supply Schedule ("FSS") also known as the Multiple Award Schedule ("MAS"). The FSS program provides Federal Agencies with a simplified process for obtaining commercial supplies and services at prices associated with volume buying. With established contractor relationships through the FSS or MAS program, federal agencies can order the latest technology and quality goods and services conveniently, at most-favored prices. Because the FSS or MAS establishes contractor relationships with a broad variety of commercial sellers, the GSA MAS offers shorter procurement lead-time, lower administrative costs and reduced inventories for federal agencies. The procedures used to purchase goods and services on the MAS vary based upon the dollar amount of the procurement and whether or not a Statement of Work is required.

13. The TAA applies to any procurement that exceeds $193,000. GSA applies the threshold on a schedule wide basis, and therefor the TAA applies to all schedule contracts and all orders under those contracts, with some exceptions for small business entities, not applicable here. All schedule products and services must, therefore, come from the United States or a designated country.

**FACTUAL ALLEGATIONS**

14. Since approximately 2000, Summit and Samsung have been parties to a "Sales Representation and Business Development

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

Agreement." Under this Agreement, Samsung appointed Summit "its exclusive marketing representative for its Products" to the GSA. The Agreement between Samsung and Summit provides that Summit "shall . . . solicit orders for . . . [Samsung] products" from the [GSA] Accounts in accordance with the terms of this Agreement." The contract further provides that "[a]ll sales shall be at prices and upon terms established by Manufacturer and manufacturer shall have the right, to establish, change, alter or amend prices and other terms and conditions of sale."

15. The Agreement between Samsung and Summit makes Summit Samsung's agent with respect to sales on the GSA MAS Schedule 70 contract held by Summit. As noted, the GSA MAS Contract that Summit holds is part of Schedule 70, the GSA MAS Schedule that covers Information Technology products. Over a quarter of federal government IT purchases are made through this schedule. Summit does not manufacture any IT products, nor does it offer IT services, in fact, Summit does not generally sell directly to the United States, with a few exceptions. Instead, Summit enters into agreements with manufacturers like Samsung, who allow Summit to offer their products for sale to the federal government through Summit's resellers, Hewlett Packard, Dell, CDWG, Telos, NCS, Intelligent Decisions, Emtec, GTSI and GovConnection.

16. As the holder of a GSA MAS contract, Summit is legally obligated to fulfill all of the requirements of that contract,

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

including best price obligations, reporting and payment of Industrial Funding Fees to the United States and compliance with the applicable TAA requirements, based upon information obtained from Samsung. Summit is thus obligated to insure that products, including Samsung products, sold under its contract with GSA are TAA compliant. In fulfilling its obligations under the GSA contract to insure that all products are TAA compliant, Summit relies upon representations from Samsung about the Country of Origin ("COO") of its products. Samsung is independently responsible for assuring that its agent, Summit, provides correct information to the United States about the Samsung products it sells, including accurate information about COO and pricing.

17. Over the past six years Samsung has sold products to the federal government through Summit and its resellers that were not TAA compliant. The fact that Samsung's products are not TAA compliant has repeatedly been brought to both Samsung's and Summit's attention by outside consultants and Samsung employees. For example, in or about May, 2011, Samsung was notified by an outside consultant with Channel Stars, a value added reseller marketing organization, that there were serious issues with Summit's GSA price list regarding the Country of Origin of Samsung products. On May 19, 2011, Sean Windham Burke, a Channel Stars employee, wrote to Elizabeth Shields, a Samsung employee who is part of the Samsung North American Headquarter Strategy &

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

Corporate Communications Team, and Alex Sebens, Samsung's Federal Contract Manager, advising them to "please consider removing your alignment with Summit managing your FSA contract and remove their letter of supply for your technology. There are so many errors and issues with the contract that Samsung is liable for, and can jeopardize your ability to do business with the government."

18. Mr. Burke went on to "highlight a couple of examples." The "examples" included "Summits [sic] contract is misrepresenting the country of origin . . . Pretty sure the Samsung Printer [the SCX-5835 FN/XAR 35 PPM] is not made in the Slovak Republic. . . ." In fact, the Summit Samsung GSA Price List states that this printer is made in South Korea, not the Slovak Republic; Mr. Burke was mistaken as to the COO listed on that document but correct that an error in the COO had occurred, as Samsung's internal documents show that this printer is actually manufactured in China. Mr. Burke's email mentions another Samsung printer, the CLP-770ND 33 PPM, noting that the Summit price list contained the same "Country of origin error." In fact, Samsung's internal documents show that this second printer is also manufactured in China.

19. In apparent response to Mr. Burke's email of May 19, 2011, Peter Richardson, the Senior Manager of Printer Marketing for Samsung, sent an email to Michael Bahniuk and Ed Somers of Summit on July 19, 2011 asking them if they had "the CLP-770ND on

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

your GSA price lists?" Mr. Richardson went on to instruct Summit that "[i]f so, it needs to be removed immediately . . . Please confirm ASAP." Despite this direction from Samsung, as of October 1, 2011, that non-TAA complaint item still appeared on Summit's GSA price list.

20. Samsung and Summit knowingly offered other TAA non-compliant products to the United States for sale through the GSA schedule. On April 27, 2011 Melissa Taylor, an employee of Samsung's distributor, Ingram Micro, sent an urgent email to a number of Samsung employees, including D.J. Yeo, Samsung's Assistant Manager for Product Allocations and Forecasts, asking whether the CLX-S6250-TAA model [a paper tray listed on Summit's GSA price list], was, in fact, TAA compliant and noting that "[t]his is urgent [as] we have an order pending that needs the TAA model. The order is being held up until we get this answer. Please advise." Mr. Yeo responded to this email within Samsung, saying, "[t]here is no plan to produce this SKU [the TAA compliant model] this year. I do not believe this model has been produced." Despite this admission by Mr. Yeo that this item was not TAA compliant, this paper tray continued to appear on Summit's GSA price list as of October 1, 2011.

21. Similarly, a Samsung Paper Tray Model SCX-S6555A, is listed on the Summit GSA price list as being made in Korea. This paper tray has, in fact, always been manufactured in China and

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

was never been manufactured in Korea. A Samsung toner product, with Product No. CLX-6250FX was, prior to January 1, 2011, manufactured in two locations : China and Korea, but from that date forward all of the toner sold under that Product Number was manufactured in China. Toner under that Product Number is sold to the United States by Samsung through Summit without regard to whether it complies with the TAA, that is, without regard to whether it was manufactured in Korea or China. Several other Samsung toners that have been sold to the United States through Summit's GSA contract since 2009 are also manufactured in China and thus do not comply with the TAA, including Product Numbers CLX-S6250A, SCX-5835FN, and SCX-6555N. All of these toners have been manufactured in China, at least since January 1, 2011, but are listed as being manufactured in South Korea on Summit's GSA price list. Samsung also sold non-TAA compliant printers to the United States Department of Labor ("DOL") through Coast to Coast, a Samsung reseller. The printer, Product No. ML-3712ND is manufactured in China. On August 10, 2011 two separate shipments of 19 printers were made to DOL; an additional 15 printers were shipped to DOL on August 15, 2011, for a total of 53 printers sold in violation of the TAA.

22. Mr. Sebens, Samsung's manager for direct federal sales, brought the TAA violations highlighted by Mr. Burke to the attention of his supervisor, Susan Becker, Samsung's Director of

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

Enterprise Business Development ("EBD") in July, 2011. In response to a July 8, 2011 email from her asking for an update on Sebens' weekly activities to provide to JY Lew, President of Samsung's EBD Division, Mr. Sebens responded that:

"the CLP-770ND was classified as made in Korea. The COO is China and has been on Summit's GSA Schedule. Wendy Crowe, [Samsung's Federal and State/Local Education Contract Development Manager] advised Summit and Synnex to remove from GSA. Samsung has a product gap for TAA color laser printers. There is no TAA compliant laser printer."

23. Mr. Sebens subsequently attended an EBD Team Planning Meeting in Ridgefield Park, N.J. on July 19-20, 2011. Mr. Lew was present at that meeting, along with other Samsung managers. Prior to Mr. Sebens' presentation, which was scheduled for Wednesday July 20, 2011, Ms. Becker warned him not to discuss the TAA violations during his presentation.

24. The email from Mr. Burke referenced in Paragraphs 17 and 18, *supra*, also highlighted potential price reduction clause violations, noting that the CLP-770ND printer mentioned above is listed on Samsung.com at $899 "however . . . Summit has the product on their schedule at 938.87 and that "[s]ince Summit is HIRED by Samsung to manage the schedule. . . . Samsung is liable for the price discrepancy and both Samsung and Summit can face fines and possible contract suspension (emphasis in original)."



LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

In other words, since the printer was available commercially for a lower price than that at which Samsung and Summit offered it to GSA, the price discrepancy made Samsung and Summit vulnerable to action under the Price Reduction Clause. Mr. Burke concluded by saying "this error is NOT isolated, (there are MANY), Samsung could face substantial penalties and contract debarment (emphasis in original)."

25. Mr. Burke's concern that Samsung may not have provided the GSA with accurate price information is corroborated by internal emails. For example, one of Summit's resellers, Hewlett Packard Direct, was given a lower price than that listed on Summit's GSA price list by Scott Sherrick, Samsung's Director of Pricing, when HP Direct was bidding on a Navy contracting opportunity. In an email to Scott Sherrick, Samsung's Sales Director, Antonella Foster, Samsung's Territory Sales Manager for the West Coast, raised the issue of best pricing, saying that "I am concerned we gave *our highly discounted pricing* to a competitor to quote their own brand and win this away from us." (Emphasis added.) To the extent that the lower price offered by Samsung to favored resellers through Summit constitutes a "discount" or a "rebate" Samsung and Summit may have an obligation under the GSA MAS contract to pass this discount or rebate along to the United States in certain circumstances.

26. On July 12, 2011, Mr. Burke provided Alex Sebens with



LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

information about the potential legal risk for the Company if it was held liable under the False Claims Act for violations of either the TAA or the best price clause and included links to two articles about recent Department of Justice settlements involving similar claims. Mr. Burke indicated in an email to Alex Sebens that he had passed this information - about the potential fines and penalties - along to Elizabeth Shields. Ms. Shields relayed this information to Kevin Gould, a Senior Corporate Counsel at Samsung who subsequently discussed the TAA violations with Mr. Sebens. To Mr. Seben's knowledge, no further action was taken by Samsung legal on this issue.

**COUNT I**
**(Against All Defendants)**
**False Claims Act, 31 U.S.C. Section 3729(a)(1)**
**Presenting False Claims**

27. Plaintiff realleges and incorporates herein by reference paragraphs 1-26.

28. By virtue of the acts described above, Defendants knowingly submitted, caused to be submitted and continue to submit and to cause to be submitted false or fraudulent claims for payment and reimbursement by the United States Government by knowingly or recklessly making false statements about the Country of Origin and best price on Samsung products offered for sale to the United States Government.

29. The United States was unaware of the falsity of the

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

claims and/or statements made or caused to be made by the Defendants and in reliance on the accuracy thereof, paid for the aforementioned false claims because the Defendants knowingly sold products to the Government that did not originate in the United States or a TAA designated country, despite falsely certifying Defendants' compliance with TAA provisions. The Defendants also knowingly sold products to other commercial customers at steeper discounts than it offered to the Government.

30. As set forth in the preceding paragraphs, Defendants violated 31 U.S.C. Section 3729 and the United States has been damaged thereby in an amount to be determined at trial.

**COUNT II**
**(Against All Defendants)**
**False Claims Act, 31 U.S.C. Section 3729(a)(2)**
**Presenting False Claims**

31. Plaintiff realleges and incorporates herein by reference paragraphs 1-26.

32. By virtue of the acts described above, Defendants knowingly made, used or caused to be made or used, and continue to make or use or cause to be made or used, false statements to obtain payments from the United States for false or fraudulent claims because the Defendants falsely certified that all products it sold and offered for sale to the united States Government originated in the United States or designated countries as

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

defined by the TAA, and Defendants certified that it truthfully and honestly provided accurate information to the United States regarding the country of origin of products that it was offering for sale to the United States, when in fact the Defendants knowingly provide false and misleading information about the COO of Samsung goods sold to the United States, as well as about prices and discounts available to commercial customers.

33. The United States was unaware of the falsity of the claims and/or statements made by the Defendants or caused to be made by the Defendants and in reliance on the accuracy thereof, paid for the aforementioned false claims because the Defendants knowingly sold products to the Government that did not originate in the United States or a TAA designated country, despite falsely certifying Defendants' compliance with TAA provisions. The Defendants also knowingly sold products to other commercial customers at steeper discounts than it offered to the Government.

34. As set forth in the preceding paragraphs, Defendants violated 31 U.S.C. Section 3729 and the United States has been damaged thereby in an amount to be determined at trial.

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122

**COUNT III**
**(Against All Defendants)**
**Conspiracy to Violate False Claims Act.**

35. Plaintiff realleges and incorporates herein by reference paragraphs 1-26.

36. By virtue of the acts described above, Defendants entered into a conspiracy to defraud the United States by causing false and fraudulent claims to be paid and approved in violation of the False Claims Act, 31 U.S.C. Section 3729(a)(1)c.

37. Defendants committed overt acts in furtherance of the conspiracy alleged above.

38. The United States was unaware of the falsity of the claims and/or statements made by the Defendants and their co-conspirators, and in reliance on the accuracy thereof, paid and continues to pay claims submitted by the Defendants.

39. As set forth in the preceding paragraphs, Defendants violated 31 U.S.C. Section 3729(a)(1)c.

Respectfully submitted,

Nathan Peak, Esq. (17061)
Ashcraft & Gerel, LLP
Suite 300
4301 Garden City Drive
Landover, MD 20785
Counsel for the Relator

LAW OFFICES
ASHCRAFT & GEREL
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
SUITE 101
METRO 400 BUILDING
LANDOVER, MD 20785
301-459-8400
SUITE 805
EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122