IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **ROBERT SIMMONS** *ex rel.* * | |
| **UNITED STATES OF AMERICA,** * | |
| **Plaintiff,** * | |
| v. * | Case No.: **PWG-11-2971** |
| **SAMSUNG ELECTRONICS AMERICA, INC.,** * | |
| **Defendant.** * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On July 29, 2014, the parties filed a Joint Stipulation of Dismissal, ECF No. 30. They request approval of the Joint Stipulation, which includes (1) approval of their Fed. R. Civ. P. 41(a)(1)(A)(ii) stipulation, (2) dismissal of the case with prejudice as to Relator Robert Simmons, (3) dismissal of the case with prejudice as to the United States for "Covered Conduct," as defined in the Settlement Agreement, ECF No. 30-1, and (4) dismissal of the case without prejudice as to the United States for other actions. Additionally, they ask the Court to (1) retain jurisdiction to resolve the dispute surrounding the Relator's share of the settlement and (2) unseal certain documents on the record, as explained below. *See* Joint Stip.; Proposed Order, ECF No. 30-2.

First, court review for fairness and reasonableness of False Claims Act ("FCA") settlements is required only where the relator objects to the settlement. *See* 31 U.S.C. § 3130(c)(2) (setting forth the circumstances where court approval is required); *see also U.S. ex rel. Schweizer v. Oce N.V.*, 677 F.3d 1228, 1234 (D.C. Cir. 2012) ("There are but two conditions to trigger the section's operation: (1) the government and the defendant agree to settle

the case and (2) the relator objects."). Here, although the parties have yet to determine the Relator's share of the settlement, the Relator has consented to the settlement and to Rule 41(a)(1)(A)(ii) dismissal. Therefore, the Rule 41(a)(1)(A)(ii) stipulation will be approved without court review of the settlement.

In light of the parties' agreement, the Court will retain jurisdiction for the purpose of resolving the dispute surrounding the relator's share of the settlement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) ("[T]he court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.").

Last, the parties ask that the Complaint, ECF No. 1; Notice of Election, ECF No. 16; Partial Motion to Voluntarily Dismiss, ECF No. 17; Joint Stipulation, ECF No. 30; and Settlement Agreement, ECF No. 30-1, be unsealed, and that the remainder of the docket remain under seal. Joint Stip. 3. To justify this continued sealing, the parties argue that the remaining filings "discuss the content and extent of the United States' investigation, and [were] provided by law *in camera* to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." *Id.*

"'Since the purpose of the FCA does not support *continued* sealing, and only justifies sealing in order that the government may investigate,'" the parties cannot use the statute itself to justify the continued sealing once the case proceeds to the merits or is resolved. *U.S. v. King Pharm., Inc.*, 806 F. Supp. 2d 833, 838 (D. Md. 2011) (quoting *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003)) (emphasis in original). The parties' proposal to unseal selected sections of the record mirrors the motion made in *King*, where Judge Hollander of this Court ruled that "[t]he good cause requirement is 'a substantive one, which the government can only

2

satisfy by stating a convincing rationale for continuing the seal.'" *Id.* at 842 (quoting *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190 (N.D. Cal. 1997)). Here, as in *King*, the parties have "not articulated any cognizable rationale to maintain the seal." *Id.* at 843–44 (citing *U.S. ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.*, 186 F. Supp. 2d 458, 465 (S.D.N.Y. 2002); *U.S. ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp. 2d 1228, 1230 (N.D. Ala. 2000)); *see Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014) (explaining the standard for sealing court records). Therefore, the filings in this case will be unsealed.

Accordingly, it is, this 13th day of August, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL UNSEAL the docket and all filings in this case;

2. The parties' Joint Stipulation of Dismissal, ECF No. 30, IS APPROVED;

3. The Court RETAINS JURISDICTION to resolve the remaining dispute regarding the Relator's share of the settlement; and

4. The parties SHALL FILE a joint status report on or before September 10, 2014 as to the status of the dispute regarding the Relator's share of the settlement.

/S/ 08/15/14
Paul W. Grimm
United States District Judge